Nicholas M. DiCostanzo, Esq. Informal Opinion General Counsel No. 97-6 Eastchester Fire District 255 Main Street Eastchester, N Y 10709-2901
Dear Mr. DiCostanzo:
You have explained that the Eastchester Fire District is primarily a paid career fire department. Your inquiry relates to the residency of several classifications of career firefighters, including rank and file firefighters, lieutenants and captains, and the assistant chief and chief. Specifically, you have asked whether personnel in the above titles must under State law maintain State residency and, if not, whether the board of fire commissioners may promulgate and enforce regulations requiring State residency for existing personnel and new employees in these titles.
As you have noted, section 3(1) of the Public Officers Law provides the qualifications for holding public office and requires that a public officer be a resident of the State, and if the office is local, a resident of the political subdivision or municipal corporation. Section3 of the Public Officers Law, however, includes many exceptions to the general residency requirement. Under section 3(4), persons employed in a paid fire department of a city (regarding a city of over one million in population see, section 3[9]), town, village or fire district are deemed not to hold a civil or local office within the meaning of section 3 and the provisions of that section do not apply to these persons.
Subdivision 4 also states that the provisions of any general, special or local law; city or village charter, code or ordinance; or any rule or regulation requiring that persons employed by a paid fire department reside in the political subdivision or municipal corporation of the State for which they are chosen or within which their official functions are required to be exercised
 shall not apply to the appointment or continuance in office of any such person so employed, if such person resides in the county, or one of the counties, in which such political subdivision or municipal corporation is located.
Therefore, under section 3(4) of the Public Officers Law, general State residency requirements for public officers do not apply to employees of paid fire departments. Under that same section 3(4), in the event that a general or special law or a local law or regulation requires that an employee of a paid fire department reside within the political subdivision or municipal corporation where he or she is employed, that residency requirement is deemed to be satisfied if the paid employee resides in the county or one of the counties in which the political subdivision or municipal corporation is located.
In answer to your first question then, the general residency requirements for public officers provided by section 3 of the Public Officers Law do not apply to persons employed by a paid fire department of a fire district. Further, section 3(4), in applying to "persons . . . employed in the paid fire department" is broad in its application and would encompass not only rank and file firefighters but also officers such as lieutenants and captains and the assistant chief and chief of the fire department.
In response to your second question, we believe that the board of fire commissioners may adopt a resolution to require, as a condition of appointment or retention, that a paid firefighter in any of the above categories reside within the State of New York. Section 176(11-c) of the Town Law authorizes the board of fire commissioners to adopt a resolution to employ paid firefighters and paid fire officers, including but not limited to a paid chief of the fire district's fire department. Such a resolution establishes the powers and duties of the paid firefighters and officers and the chain of command in the fire department, including the volunteers and paid firefighters. Town Law § 176(11-c).
In our view, the board of fire commissioners implicitly has authority in adopting such a resolution to establish residency requirements for paid firefighters and paid officers. Since section 3(4) of the Public Officers Law is an overriding State law which sets forth the narrowest residency requirement that may locally be established for persons employed by a paid fire department, the board of fire commissioners may not establish a residency requirement inconsistent with that provision. Under section 3(4), the narrowest residency that may be established is residency in the county or one of the counties in which the fire district is located. Therefore, the board of fire commissioners may establish, as a condition of appointment or retention of persons employed by a paid fire department, a requirement that these persons reside within the State.[1]
We conclude that the board of fire commissioners of a fire district may require that persons employed by the paid fire department of the district reside within the State of New York.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions
[1] We note that under section 176(11-a) of the Town Law nominees for offices in a volunteer fire department must be residents of the State. The board of fire commissioners, however, may require that any or all volunteer fire department officers must be residents of the fire district.